Two actions were commenced before a justice of the peace against the defendants, one in favor of the Cannon-Torrence Company and the other in favor of H.A. Rhyne, and were tried on appeal in the Superior Court.
When the cases were called, they were, by order of his Honor, consolidated and tried together.
The plaintiffs brought their actions against the defendant W.H. Marlott, and at the same time issued attachments or garnishment against any funds in the hands of the Southern Power Company that might be due Marlott. Marlott had been employed by the Southern Power Company as a patrolman of its power lines at Mount Holly, at a salary of $55 per month. At the time of the commencement of these suits and the issuing of the attachment against the Southern Company, Marlott had just lost or quit his job, and it was the intention of the plaintiffs to attach his salary of $55 for the last month he had worked, to wit, August, 1912. The Southern Power Company filed its return to the notice, denying that it was indebted to Marlott in any sum whatsoever. The Power Company admitted that Marlott had not been paid his salary of $55 for August, 1912, but undertook to show that by means of fraud and false vouchers he had obtained from the Power Company an amount greatly in excess of this $55, and contended that it should be allowed to set these amounts off against its indebtedness to Marlott. *Page 443 
There was evidence tending to prove that, in the course of his employment at Mount Holly, Marlott frequently had occasion to use teams in patrolling the lines of the Power Company. These teams he hired from one Alex West. He was supposed to pay for these teams out of funds in his hands and obtain a receipt or voucher from West for the amount paid. Marlott would present this voucher or receipt of West to the auditor of the Power Company, and the Power Company would then reimburse him the amount shown by the voucher to have been paid West. Until Marlott lost his job, the Southern Power (551) Company was under the belief that Marlott had been paying West cash for the teams he hired, and getting the money back from the Power Company in the manner indicated; but at this time West came over to the Charlotte office of the Power Company and informed its general manager that he had a bill against the Power Company for about $60 for teams furnished Marlott. This was just before Marlott's salary check for the month of August had been paid him. It then developed that instead of paying for the teams as the Power Company had supposed, Marlott had been charging them to the Power Company. The vouchers or receipts which he had been presenting to the Power Company purporting to represent money he had paid out in its behalf to West for these teams, and purporting to be signed by West had not been signed by West at all, but had been forged by Marlott. The amount obtained by Marlott on account of these false vouchers amounted to over $95. When the Power Company discovered that it owed West over $60 on account of teams, which Marlott represented to it that he had paid for, and when it discovered that Marlott had defrauded it of over $95, it refused to pay Marlott his salary of $55 for August, 1912, the salary being less than the amount obtained by Marlott from the Power Company.
The claim of West against the Power Company for hire of teams remaining unpaid amounted to $63.25, which was settled by the payment of $50.
There was evidence on the part of the plaintiffs, which was controverted by the defendant, that Marlott was authorized by West to collect his claim of $63.25.
His Honor charged the jury, among other things, as follows: "So gentlemen, it all turns upon the question of agency. If you find that Marlott was the agent of West, and West authorized him to collect this money in the way and manner it was done, and Marlott went and got the money as agent of West, and West authorized him to do it, and he failed to pay it to West, why, then, the court charges you that the Power Company was no longer indebted to West, and that the $55 belonged to Marlott. But if you find, as I say, that West did not *Page 444 
(552) authorize Marlott to collect this money in the way and manner he did; if you find that he did not authorize Marlott to sign his name to these vouchers; why, then, the court charges you that Marlott would be indebted to the power Company, and the plaintiff could not recover."
The jury returned the following verdict:
1. Was the defendant the Southern Power Company, in the proceedings of attachment and garnishment in this action, indebted to the defendant Marlott in the sum of $55, or any sum? Answer: Yes; $55.
2. Is the defendant the Southern Power Company indebted to plaintiffs? If so, in what amount? Answer: $55.
Judgment was rendered in favor of the plaintiffs, and the Power Company excepted and appealed.
The plaintiffs claim that Marlott, an employee of the defendant Power Company, is indebted to them, and they seek to collect their debt by attaching $55, which they allege the Power Company owes Marlott as salary for the month of August, 1912.
The Power Company denies that it owes Marlott any sum, because it says he wrongfully collected and misappropriated $95 belonging to it, and that this is more than enough to offset the claim for salary.
The plaintiffs reply that the sum of $95 paid to Marlott did not go into his hands as money of the Power Company; that it was paid to him as the agent of West, and was the money of West, and when it was paid to Marlott it settled his claim, because received by his authority.
His Honor submitted these contentions to the jury, but he failed to give any consideration to the evidence of the plaintiffs that the claim which West authorized Marlott to collect amounted to $63.25, and to that of the defendant that he wrongfully collected $95.
(553) If this evidence is true, Marlott collected $63.25 for West, and in addition wrongfully obtained $31.75 of the defendant's money, which could be used as a set-off against the claim for salary.
This view was not presented to the jury; on the contrary, the jury was instructed that if Marlott was the agent of West, "the $55 belonged to Marlott."
In this instruction there is error, because he was only authorized to collect $63.25, and he wrongfully collected $95, the defendant would owe Marlott $55, less the difference between the two amounts.
New trial. *Page 445